CHARLES BRIGGS and others *v.* JOHN T. SPENCER.

By the laws of Mississippi, the forfeiture of a forthcoming bond extinguishes the original judgment ; and the forfeited bond itself acquires the force and effect of a new judgment.

In an action on a judgment obtained in Mississippi, defendant having established that the judgment had been extinguished, by the execution and forfeiture of a forthcoming bond : *Held,* that there must be judgment as in case of nonsuit.

Where, by the laws of a State in which a judgment has been obtained, no execution can be issued against the property of the defendant for a certain period, plaintiffs cannot, by suing on the judgment here, proceed against his property in this State, before the expiration of the delay to which defendant had acquired a right. The judgment cannot have a greater effect extra-territorially, than in the State in which it was rendered.

APPEAL from the District Court of Concordia, *Curry,* J.

SIMON, J. This is a suit by attachment. The plaintiffs represent, that the defendant owes them a sum of $9507 65, with eight per cent interest, and another small sum without interest, being together the amount of a judgment by them obtained against their debtor in the Circuit Court of Scott county, in the State of Mississippi ; that the claim has acquired the force of *res judicata ;* and that by the laws of the State where the judgment was rendered, the defendant is bound to pay the whole of the judgment, although it should appear to be a several judgment against him and others. On the day previous to the filing of the petition, (5th of January, 1841,) the plaintiffs filed their affidavit and bond according to the 4th section of the act of the 25th of March, 1828, whereupon a writ of attachment was issued, and levied on the

same day upon a number of slaves and other property, stated in the inventory returned by the sheriff.

The defendant admits the judgment declared upon in the plaintiffs' petition, but denies its effect as one *in solido*; he further states that, under the laws of Mississippi, the same was legally satisfied, extinguished, novated, and paid, previous to the institution of this suit; that the slaves attached were in his (defendant's) peaceable possession in the city of Natchez, but that the plaintiffs secretly and tortiously procured said slaves and other property attached to be removed out of the State of Mississippi, without his knowledge and consent, &c. He denies being indebted to the plaintiffs on account of the judgment, and prays that their demand may be rejected with damages, and costs.

Eleven months after the filing of the defendant's answer, the plaintiffs obtained leave to file an amended petition, in which they state certain facts which they aver were not known to them at the time of the institution of this suit, to wit, that a writ of *fieri facias* was issued by virtue of the judgment declared upon in the original petition, and was levied upon twelve slaves belonging to the defendant, for which the latter executed a bond, called a forthcoming bond, dated the 5th of August, 1839, (previous to the institution of this suit,) and that said slaves were not surrendered according to the conditions of the bond, nor the amount of the execution paid, by reason whereof the bond was returned as forfeited, which bond, so forfeited, has the force and effect of a judgment for the amount of the execution for which the bond was given. That a writ of *fi. fa.* was subsequently issued on said bond, and levied upon certain lands belonging to one of the debtors, which lands were offered for sale, and not sold in consequence of a valuation having been claimed, and two-thirds thereof not having been bid in cash. That, subsequently, another writ was issued, and levied upon other tracts of land, which, not having been sold, were also left in the possession of the debtors. But that on the 16th of August, 1841, (after this suit was instituted,) an *alias fi. fa.* was issued, and levied upon all the said tracts of land, which, having been sold, produced a sum of $825, a part of which, to wit, the sum of $694 91, is to be credited upon the

Briggs and others v. Spencer.

amount of the execution, leaving the balance due to the petitioners. Wherefore the plaintiffs pray that the facts by them alleged be taken and considered as a part of, and in connection with their original petition, and that they have judgment accordingly.

The filing of this amended or supplemental petition was objected to by the defendant's counsel, on the grounds that it was setting up a cause of action which arose after the suing out of the attachment, and even after issue joined ; but these objections were overruled by the lower court, which permitted it to be filed, and the defendant took a bill of exceptions.

The plaintiffs' supplemental petition was answered by the defendant, by setting up the same matters alleged in his original answer. He further states, however, that, at the time this suit was instituted, the plaintiffs had no cause of action against him, since the judgment declared upon in their original petition, was, under the laws of Mississippi, satisfied, paid, novated, and extinguished.

During the progress of the suit, a motion was made by the defendant's counsel to dissolve the attachment, on the ground of certain informalities existing in the proceedings, which motion was overruled by the District Court ; and the case having been tried on its merits, judgment was rendered in favor of the plaintiffs, from which judgment, after a useless attempt to obtain a new trial, the defendant has appealed.

From the view we have taken of the question relative to the plaintiffs' right of action, at the time this suit was instituted, we have deemed it unnecessary to examine and express any opinion on the points raised by the bills of exception above mentioned, in relation to the motion made to dissolve the attachment, and to the leave granted by the court to the plaintiffs to file a supplemental petition ; for if, from the plaintiffs' own showing in their two petitions, it appears that they could not legally resort to the extraordinary remedy which they have thought proper to exercise, it is clear that the proceedings had in this suit must be set aside, and the plaintiffs nonsuited.

The evidence shows that the plaintiffs' judgment was obtained as alleged in their original petition ; that the other and subsequent proceedings, stated in their supplemental or amended petition, took place as represented ; that a forthcoming bond was taken,

which was subsequently forfeited; and that the several executions or writs of *fieri facias* therein mentioned, were really issued and levied as therein set forth, and that the tracts of land, seized by virtue of the forthcoming bond or writs of *fi. fa.* issued thereon, were definitively sold, after the expiration of twelve months from the first seizures, which had taken place in April and May, 1840. These last proceedings took place about seven months after this suit was instituted.

The testimony of the witnesses examined on the trial of this cause, establishes that, under the laws of Mississippi, the giving of a forthcoming bond is a satisfaction of the prior judgment, if the bond be forfeited, and that the prior judgment will be extinguished by the return of the forthcoming bond as forfeited. This is also shown or corroborated by the fact, that the subsequent execution issued not upon the old judgment, but upon the new one arising from the forfeiture of the bond.

By a statute of Mississippi produced in evidence and found in the record, it is enacted, sect. 3, " that it shall be the duty of the sheriff, &c., to proceed to offer at public sale to the highest bidder, &c., the property so levied on or surrendered, and should the same not sell for two-thirds of its appraised value, the sheriff shall announce that there is no sale, and such sheriff shall return, &c., that the property offered would not sell for two-thirds of the appraised value, and *thereafter no other writ of execution or other process for the sale of such unsold appraised property shall issue, until the expiration of twelve months from the time when such writ of execution shall have been returned as hereinbefore required."*

It seems to us clear that, in the State of Mississippi, the forfeiture of a forthcoming bond extinguishes or satisfies the original judgment, and is in itself of equal dignity with a judgment. It assumes a new character, and, as a second judgment, has the same force and effect; and the plaintiff cannot then proceed to enforce the first, but must rely upon the second. 1 Howard, 64, 98. 3 Ib. 26, 61, 419. 4 Ib. 351. If so, the judgment declared upon in the plaintiffs' original petition was extinguished, and could not be made the basis of the present action. This alone would, perhaps, be sufficient to defeat the plaintiffs' alleged rights, and to

Briggs and others v. Spencer.

annul all the proceedings had upon the attachment issued at their request.

But the plaintiffs in their amended petition show, that executions having issued on the forfeited bond by virtue of its effect as a new judgment, property was seized and offered for sale, and that it could not be sold for two-thirds of the valuation. Then there was no sale; and the debtor became entitled to keep the property for twelve months, before the expiration of which, no proceeding in execution, or other process, could be had or carried on against his property. Surely, it cannot be contended that a judgment should have a greater extra-territorial effect, than it would have in the State where it was rendered. The delay of twelve months, during which all proceedings were to be suspended, was a right acquired by the defendant under the laws of Mississippi, and we are not ready to say that he could be deprived of it by proceedings had against his property in another State. The plaintiffs could not act against him in Mississippi; they were precluded from enforcing their judgment there, before the expiration of one year; and the fact that they did so about *seven months* after this suit had been instituted, shows conclusively, that when they resorted to the proceedings complained of, they had no right of action. The attachment was, in our opinion, prematurely sued out, and the action must be dismissed.

It is therefore ordered, that the judgment of the District Court be annulled and reversed; and that ours be in favor of the defendant as in case of a nonsuit, with costs in both courts.

*Stacy*, for the plaintiffs.

*F. H. Farrar* and *T. P. Farrar*, for the appellant.