*Codman*, for plaintiff.

---

INHABITANTS OF OXFORD *versus* INHABITANTS OF PARIS.

The R. S. chap. 32, sect. 30, provides, that in a suit by one town against another for the support of a pauper, a " recovery" shall bar the town, against which it was had, from disputing the settlement of the same pauper with the prevailing town in any future action brought for his support.

*Held* — 1st, That the obtaining of judgment by the defendant town against the plaintiff town in such an action, is a recovery against the plaintiff town.

2. That the plaintiff town, as well as the defendant town, is bound by such recovery against it, from further contesting with the other party the pauper's settlement.

3. That such a recovery by the defendant town estops the plaintiffs as well in a second suit, brought *before* the decision of the *first* suit, as in any subsequent suit.

On Report from *Nisi Prius*, Shepley, C. J.

This and an earlier action, were brought by the plaintiffs against the defendants, founded upon R. S. chap. 32, sect. 29, for the support of the same pauper. They were pending at the same time. The earlier one was referred. The award, which was against the plaintiffs, was accepted and the defendants recovered their cost. This action then came up for trial. It was for supplies furnished *prior* to the commencement of the first suit. A nonsuit was directed, which is to be set aside, if erroneously ordered.

*Perry*, for the plaintiffs.

1. A recovery, in order to operate as a bar in a subsequent suit for supporting paupers, is one had not against the plaintiff party, but against the defendant party. A judgment against the plaintiffs in such a suit, is no estoppel to a future action by them. The failure to recover may have occurred without any trial of the merits.

2. The "future actions," estopped by the statute, do not embrace an action commenced *before* the decision of the first suit.

3. To make a judgment a bar, it must appear from the record, that the question of the *pauper's settlement* was adjudicated upon.

In the previous case between these parties, the plaintiffs' action may have failed merely from want of notice to the defendants, without touching the pauper's settlement. *Arnold* v. *Arnold*, 17 Pick. 14; *Knox* v. *Waldoborough*, 5 Greenl. 185; 1 Greenl. Ev. 566.

*Andrews*, for the defendants.

Shepley, C. J. — The former action between these parties

was founded upon the statute ch. 32, § 29, and the declaration must have alleged, that the same pauper had a legal settlement in the town of Paris. The settlement of the pauper was therefore involved in the trial upon the merits.

The plaintiffs insist, that the judgment against them in the former action is not a bar to their recovery in this action. That the town against which an action is commenced is alone estopped by a judgment against it.

To recover in legal proceedings is to be successful in a suit. It is to obtain a favorable judgment. The word recovery, as used in the statute, means the obtaining of a final judgment in such a suit. When a defendant has obtained a judgment against a plaintiff in a suit, he in legal language is said to have recovered in that suit.

If the former judgment had been specially pleaded in bar of this action, an appropriate averment would have been, that the defendants recovered judgment.

The language of the statute makes no distinction between parties plaintiff and defendant respecting the effect of a recovery in such an action. The town against which the recovery is had, is to be barred by it.

There can be no just reason to conclude from the language of the 30th section, or from the general provisions of the statute, that it was the intention, that one of the towns only should be barred by such a recovery. The intention appears to have been, that the settlements of paupers should be finally determined between the parties in one action, and not to have repeated and continued litigation between them respecting it. It was not intended to permit a town, which had commenced an action and been defeated in it, to continue to litigate the same settlement with the same town as often as it pleased, while it failed to obtain a judgment in its favor. This would be permitted by the construction contended for.

By the words " in any future action brought for the support of the same pauper," must be intended any action brought or to be tried subsequently to the one, in which the recovery was had. If not, a town might commence several actions be-

fore a trial was had in one, and thus have several decisions upon the same settlement between the same towns, while it was evidently the intention to have the settlement between them finally determined in one action.

*Nonsuit confirmed.*