No. 4627.

STATE ex rel. M. PHILLIPS *v.* NEW ORLEANS GAS LIGHT COMPANY.

$\frac{25}{0114}$ $\frac{413}{327}$

$\frac{25}{115}$ $\frac{413}{783}$

There seeming to be no special denial of defendants in this case, of their obligation to issue certificates of stock to the owners thereof, the proceeding by mandamus is authorized to compel them to do so, if the ownership is not disputed.

The loss of plaintiff's certificates and the advertisement thereof being sufficiently established, the defendants can not refuse to issue new certificates on the ground that a bond of indemnity is not furnished. There is no good reason for requiring such a bond. The stock can not be transferred by relator except upon the books of the respondent and on the production of the certificates. This is sufficient protection to the company.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins,* J. *George L. Bright,* for plaintiff and appellee. *J. A. Rozier,* for defendant and appellant.

HOWELL, J. The respondents have appealed from a judgment making peremptory a mandamus directing them to issue to relator two certificates of stock in lieu of two lost by her. The defense is that no cause is shown for a proceeding by mandamus; that the relator can obtain relief by an ordinary action; that plaintiff has not lost the certificates as alleged; that according to the by-laws of the company the loss of certificates must be advertised for a certain time, and new ones may be issued upon the applicant therefor giving bond and certificate; that defendants have at all times been willing to issue and deliver to the relator new certificates, provided relator proves the loss, the advertisement thereof, and furnishes a bond of indemnity, as required by the said by-laws, which relator fails and refuses to do, and that defendants apprehend that relator may have sold, transferred, pledged or parted with said certificates.

There seems to be no special denial of defendants' obligation to issue

State ex rel. Phillips v. New Orleans Gas Light Company.

certificates of stock to the owners thereof, and hence the proceeding, by mandamus is authorized to compel them to do so if the ownership is not disputed. The question here relates to the applicant's right to new certificates in lieu of those which it is admitted she owns, but it is denied that the facts entitle her to such new issue.

We concur in the opinion of the judge *a quo* that the relator has shown her right to the new certificates demanded. The loss and the advertisement thereof are sufficiently established, and we do not think the defendants can refuse on the ground that a bond of indemnity is not furnished. We can perceive no good reason for requiring such a bond. The stock can not be transferred by relator, except upon the books of the respondent and the production of the certificates. This, it seems to us, is a protection to the company. The relator is entitled to certificates of her stock.

Judgment affirmed.

Rehearing refused.