No. 9613.

THE STATE EX REL. J. PLAISENT vs. THE ORLEANS RAILROAD COMPANY.

A *mandamus* will issue to compel a Railroad Company to allow the transfer, on its books, of shares in the name of the Relator, when it is established that a party, to whom the company says the stock belongs in part, has been finally adjudged not to have any interest therein.

The judgment, although foreign, having acquired the force of *res judicata*, must be given that effect. On a charge that it is erroneous, this court will not go behind it to test its correctness.

State ex rel. Plaisent. vs. Railroad Company.

A PPEAL from the Civil District Court for the Parish of Orleans.
Monroe, J.

T. Gilmore & Sons, for the Relator and Appellant.

F. D. Chrétien, for the Respondent and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus* to compel the company to permit the transfer on its books of 117 shares of its stock, owned by the relator.

The company refuses to allow the transfer on the ground that part of said shares belong to a daughter of relator, Mrs. Chéron, now in France, for having inherited the same from her mother, relator's deceased wife.

In answer to this objection the relator says that his said wife died on the 5th of March, 1876, and that he acquired 75 of those shares on the 16th of June, 1877, and the remaining 42 on November 8, 1879.

It appears that with a view to silence what pretensions Mrs. Chéron had to part of the 117 shares standing in the name of relator, the latter instituted proceedings before the "Tribunal Civil de l'Arrondissement de Montpellier, Département de l'Herault," against his daughter and her husband, for the purpose of having said shares to be decreed to be his exclusive property, and that after due proceedings, the judgment of that court was rendered accordingly on August 8th, 1885, and duly recorded on the 20th following.

It is not pretended that the court was without jurisdiction, or that the forms of law were not observed, or that the judgment is not final and executory; but it is claimed that it is erroneous, inasmuch as part of the shares actually belongs to Mrs. Chéron. We cannot review it. The judgment concludes Mrs. Chéron and can not be vicariously attacked by the company for her benefit when she cannot do so herself. *Res adjudicata, pro veritate habetur.*

The record does not show that Mrs. Chéron ever signified any discontent to the company, and she is not heard to complain presently.

The judgment is a finality and is full protection to the company.

It is to be observed that two of the children of the relator, born of his marriage with his deceased wife, have joined in the petition which sets forth the exclusive ownership of the shares by their father, the relator.

The District Court made the *mandamus* peremptory as to one hundred and four shares, but refused it as to the remaining thirteen. The *mandamus* asked should have been absolute in every respect.

It is therefore ordered and decreed that the judgment appealed from be amended, so as to make the *mandamus* peremptory absolutely, and that accordingly the company allow the transfer on its books of the one hundred and seventeen shares (including the thirteen excepted by the lower court) standing in relator's name thereon, and that the amended said judgment be affirmed with costs.

Judgment amended.