The opinion of the court was delivered by
Watkins, J.
On the 7th of March, 1878, Octave Jacobs became the purchaser of a sugar plantation in the parish of St. James for-the sum of $42,300, and of this he paid $15,000 in cash, and for the residue he issued a series of promissory notes payable to his own order, and same were by himself endorsed; and to secure the same he stipulated and consented to a special mortgage and recognized the vendor’s lien on the property.
Amongst others, there were three notes — one for $3850, one for $1100 and one for $550 — all of which matured on the 1st of February, 1889; and there was a stipulation in the act that the mortgage securing the payment of those three notes should have preference and priority over the security it gave to all others; in other words, those three notes were concurrently secured by a first mortgage, and all others by a second mortgage.
On the 10th of February, 1888, Amant Bourgeois procured an order of seizure and sale against the mortgaged property in the enforcement and collection of the note of $550 and interest, as secured by said first mortgage and vendor’s lien.
On the 12th of March, 1888, during the pendency of those executory proceedings, Mrs. Julia Kunemann filed a third opposition on the grounds, substantially, viz.:
That she was the holder and owner of another of the series of notes which were issued by Octave Jacobs for $8000, made payable on the 2d of March, 1882, with 8 per cent, per annum interest from date and secured by the second mortgage contained in the act of sale.
That upon the mortgage certificate there appears mention of a mortgage in favor of the Consolidated Association of the Planters of Louisiana to secure the payment of the unpaid portion of the stock of said association, amounting to $40,000; that the shareholders have long since paid in on calls the sum of $612,000, which is and was more than sufficient to meet and discharge the whole of the indebtedness of said bank to its bondholders, or to the State as their subrogees, and no other debt is now due; that same was paid *1312 to the officers of the State having the control of the affairs of the bank and is a full discharge and satisfaction of all claims which can be made by the State, or stockholders, and the said mortgage should be canceled and erased.
He prays to be paid from the proceeds of sale by preference over the seizing creditors the full amount of his note, with attorney’s fees, interest and costs, and that the sheriff be ordered to retain said sums subject to the further order of the court; and it was so ordered.
The receiver of the Consolidated Association was cited in March, and the seizing creditor in April, 1888; and on the 26th of April, 1888, Octave Jacobs filed an answer and denied that any interest had run or accrued on the note held by opponent since the 2d of March, 1882, and averred that the act of sale to him contained a stipulation to that effect.
He further avers that, in a suit entitled Widow Csesar Kunemann vs. Octave Jacobs, the plaintiff made claim for interest on said $8000 note, from and after the 1st of March, 1882, and, upon a trial contradictorily had, judgment was pronounced in his favor, rejecting her demand and decreeing that, under the stipulations contained in said act of sale, “no interest could be exacted pending the liquidation of said association.”
He avers further that the affairs of said association have not yet been liquidated, and that neither interest nor capital of said debt can be collected because same are not due, for that reason; and he pleads the said stipulation and covenant in said act of sale and mortgage, and said judgment as res judicata and as evidencing the non-maturity of said debt and interest. He prays for the rejection of plaintiff’s demands in toto.
The seizing creditor answers that his claim — under which the property was sent to sale — is entitled to be paid by preference over that of opponent, from the proceeds of sale, the capital and interest of his note, attorney’s fees and costs.
The receiver filed an exception to the jurisdiction of the court, and, this being overruled, he filed no answer and took no further part in the proceedings.
The judgment confirmed and made final the judgment by default taken against the Consolidated Association, and directed and decreed the recorder of mortgages to cancel and erase from the books *1313 of his office any and all mortgages, and assumptions in favor of the same; overruled the various pleas of the defendant, Octave Jacobs, and decreed the opponent entitled to be paid the full amount of his-demand, capital and interest; ordered and decreed that Ellen Mason, wife of Octave Jacobs, purchaser at sheriff’s sale of the mortgaged property, should, under her agreement to keep the proceeds in lieu of the sheriff, pay the same, first to Amant Bourgeois, the amount of his debt, with interest, cost, etc.; and second to Julia Kunemann, opponent, the amount of her debt, interest, attorney’s fees and cost, and directing the cancellation of the mortgages and liens securing same. From this judgment Octave Jacobs appeals, andn either of the appellees has filed an answer or requests any amendment of the decree.
Under this state of facts, it is manifest that no alteration can be made in the judgment, in respect to any one of the appellees. This court has no jurisdiction or power to do so. Inasmuch as the judge a quo found and decided that the stockholders of the Consolidated Association and the State had been fully satisfied, adjudged and decreed that its mortgage should be canceled and erased, and this decree remains unappealed from ,by the association, we are at a loss to perceive on what foundation Jacobs’ right of appeal is predicated. His answer did not and could not deny the existence of the notes he had executed, and the mortgage he consented to secure their payment. It only asserted that the demand of opponent was premature, because the payment of the note she held had been procrastinated by its terms, and a covenant in the act of sale, until the affairs of the Consolidated Association should have been fully liquidated and settled. This, the judgment of the court declared, was an accomplished fact and ordered the cancellation of its mortgage. As he did not owe any part of the debt due the State or the stockholders, this cancellation was all the protection he or his vendee needed.
This legal purpose being attained, his other complaint ceases to be of any importance.
The receiver of the Consolidated Association having been regularly made a party defendant, and cited; he having formally excepted to the jurisdiction of the court ratione personse, and his exception having been overruled, and no bill of exceptions reserved; final judgment having been rendered against him on default, and no-appeal having been taken therefrom — it seems to us quite unreason *1314 able that the debtor should entertain apprehension about the pending suit in the United States Circuit Court; for, most assuredly, a copy of this opinion and decree would be competent evidence therein.
Our Code of Practice provides “that the same cause can not be brought before two separate courts, though they be possessed of concurrent jurisdiction; the judge before whom the action was brought first, shall sustain his jurisdiction, and the defendant shall be entitled to have the case dismissed by the other court, and recover costs.
Nevertheless, if the defendant, instead of claiming to be dismissed, answer in the two actions, in the two separate courts, the first judgment rendered by either of them shall be* valid and executory against the party cast in the action. All proceedings shall be staid in the other court, and the plaintiff dismissed after paying the costs.” Art. 94. Succession of Townsend, 37 An. 409.
On the question of litis pendens, the Federal jurisprudence is the same as our own.
In Stanton vs. Embry, 93 U. S. 554, the Supreme Court held that the pendency of a prior suit in another jurisdiction is no bar to a subseqent suit in a Circuit Court, even though the two suits are for the same cause of action and between the same parties. Gordon vs. Gilfoil, 99 U. S. 169.
But the debtor Jacobs did not urge the plea of lis pendens in either suit and the State court rendered the first judgment, and it is valid and executory, and by it he may be protected in the United States Circuit Court.
This argument and these deductions are just as true and as strictly applicable to the complaint of the purchaser, Mrs. Jacobs, who is also an appellant in her'personal capacity and occupies the relation of a third person to the judgment appealed from, and appears by petition and citation of appeal. The record shows that the property was adjudicated to her at $25,000 during the pendency of the executory proceedings, and with full knowledge of the contents and purport of the certificate of mortgages which is annexed. How she can entertain any hope of relief we cannot conceive. If her appeal is to serve any purpose whatever it would appear to be rather to increase than to lessen the burdens affecting the property purchased, as she has no interest in the disbursement of the purchase price among the parties before the court.
*1315 Her complaint of the writ of citation is equally without force. So far as the funds to be distributed are concerned she is but a stockholder, and stands in the room and stead of the sheriff who made the sale under an order of the court, and who was directed and required “ to retain in his hands, subject to the further order of the court, and out of the proceeds of sale * * to pay the sum of $8000, with 8 per cent, per annum interest from March 7, 1882, and 5 per cent, attorney’s fees, and costs.”
The sheriff accepted service and waived citation. At the sale Mrs. Jacobs became the adjudicatee, and for the mutual convenience and security of all parties in interest the following agreement was made:
“Parish of St. James, March 17, 1888.
“Be it known that, on this 17th day of March, 1888, it has been agreed and understood by and between the purchaser of the property, Mrs. Ellen Marson, .wife of Octave Jacobs, and Mrs. Julia Kunemann, that in consideration of the purchaser of the plantation this day sold in the matter of Amant Bourgeois vs. Octave Jacobs, No. 1323 of the docket of the Honorable the Twenty-second Judicial District Court for the parish of St. James, which plantation is fully described in the said proceedings, retaining in her hands the amount of the third opposition claimed herein, said amount to carry interest stipulated in said note from this day, the said purchaser binds herself to pay the amount of the judgment to be rendered on such third opposition.
(Signed) “Sims & Poche,

“Attorneys for Mrs. Octave Jacobs.

“Chas. Louque,

“Attorney for Mrs. Kunemann.’’'’

She has since retained the money in her- hands, and has it now. This paper furnishes the proof of this fact. She occupies just the same position as the sheriff did, and is just as amenable as he is or was “to the further order of the court.” This agreement contains what, to our thinking, is the equivalent of a confession of judgment. Certainly no further or additional citation was contemplated by the parties. The judge of the vicinage had all the parties before him, and was familiar with the parties and all of the incidents of the trial, *1316 and as lie seems to have entertained an equitable view of the matter in hand we find no occasion to reverse his finding.
Judgment affirmed.
The Chief Justice and Mir. Justice Breaux, not having been present when this case was submitted, take no part.