LAND, J.
This is a mandamus suit to compel defendant company to issue a certificate for 70 shares of stock. The relator represents that he purchased said shares from Charles Schutten, and at the time of said purchase there was due thereon an unpaid-installment amounting to $1,750, which relat- or tendered to said company and which said tender was refused. .
An alternative writ of mandamus issued as prayed for.
The defendant. company for answer excepted to the form of proceeding by mandamus as not the proper remedy, and denied that it had any contract, expressed or implied, with the relator, or that it owed him any duty in the premises. The answer concludes as follows:
“Respondent admits the demand, the tender, and the refusal to issue the certificate to Jurgens, but expresses its willingness to deliver it to Schutten.”
The writ of mandamus was made peremptory, and defendant appealed.
The right to sell or transfer shares of' *405 stock is recognized by tbe charter; the only limitation being the condition that no such sale or transfer shall be made until the stockholder shall have first offered the share or shares to the corporation, with the right to purchase or to decline to purchase at the actual cash value “as shown by the books of the corporation.” Schutten made this offer, but the board of directors did not accept the same, but proposed to reimburse the amount of installments paid, without reference to the book value of the stock. Schutten then sold his shares at a premium to relator, who tendered in cash the full amount of the last installment and demanded a certificate.
Defendant corporation’s expressed willingness to deliver the certificate to Schutten leaves nothing to consider save his right to sell and transfer the stock in question, which cannot be disputed. The tender of the last installment left no excuse to the corporation for withholding a full and complete certificate. Defendant has no interest to question the transfer, and mandamus was the only appropriate remedy to enforce the ■performance of a plain corporate duty. State ex rel. Phillips v. New Orleans Gaslight Co., 25 La. Ann. 413; State ex rel. Plaisent v. New Orleans R. Co., 38 La. Ann. 312; State ex rel. Benedict v. Southern Mineral & Land Imp. Co., 108 La. 25, 32 South. 174.
Judgment affirmed.