[Civ. No. 2302.   Third Appellate District.—October 17, 1921.]

RUTH WILLIAMS, as Administratrix, etc., Respondent, v.
   SOUTHERN PACIFIC COMPANY (a Corporation),
   Appellant.

[1] JUDGMENTS — AWARD OF INDUSTRIAL ACCIDENT COMMISSION — RES
   ADJUDICATA.—The doctrine of *res adjudicata* applies to the find-
   ings and award of the Industrial Accident Commission.

[2] COURTS—PRIORITY OF JURISDICTION—ACTIONS IN PERSONAM.—The
   rule to the effect that where two tribunals have concurrent jurisdic-
   tion over the same parties and subject matter, the tribunal where
   jurisdiction first attaches retains it exclusively, and will be
   left to determine the controversy and to fully perform and exhaust
   its jurisdiction and decide every issue or question properly arising
   in the case, is limited to actions which deal either actually or
   potentially with specific property or objects, and where a suit is
   strictly *in personam,* nothing more than a personal judgment being
   sought, there is no objection to a subsequent action in another
   jurisdiction.

[3] ID.—CONCURRENT JURISDICTION—FIRST JUDGMENT RES ADJUDICATA.
   Where actions strictly *in personam,* between the same parties and
   involving the same subject matter, are brought in different tri-
   bunals having concurrent jurisdiction, it is not the final judgment
   in the first suit, but the first final judgment, although it may be in
   the second suit, that renders the issues in such a case *res ad-
   judicata* in the other court.

[4] JUDGMENTS — AWARD OF COMMISSION — WHEN BAR TO COURT RE-
   COVERY—PARTIES.—Where the surviving wife of a railroad em-
   ployee who was killed while in the discharge of his duties, as the
   representative of his estate, for the benefit of herself and an adult
   daughter, institutes an action in the superior court for damages
   under the Federal Employers' Liability Act, and, in her individual
   capacity, makes application to the Industrial Accident Commission
   for adjustment of her claim for damages, the plaintiffs in the
   two proceedings are not the same, and, therefore, an award of the
   commission is not a bar to the whole cause of action in the su-
   perior court.

[5] ID.—CHARACTER OF EMPLOYMENT OF DECEASED—DETERMINATION OF
   COMMISSION.—If the deceased employee was engaged in intrastate
   commerce, the Industrial Accident Commission had exclusive jurisdic-
   tion to award compensation; and the commission having determined,
   prior to any judgment in the superior court action, that the em-
   ployment was in intrastate commerce, the fact so determined, as
   between the same parties or their privies, was conclusively estab-
   lished so long as the judgment remained unmodified.

[6] ID. — SEPARATE ACTIONS IN DIFFERENT CAPACITIES — EFFECT OF JUDGMENT.—As a general rule, where one appears in a representative capacity in one action and in his individual capacity in another action, involving the same subject matter, without any change in his relation to that subject matter, a judgment in the one case is conclusive of his rights in the other.

[7] ID. — APPEAL — GROUNDS FOR JUDGMENT — OBITER DICTUM. — Where there are two grounds, upon either of which the judgment of the trial court can be rested, and the appellate court sustains both, the ruling of the appellate court on neither is *obiter*, but each is the judgment of the court, and of equal validity with the other.

[8] ID.—RECOVERY ON GROUND OF INTRASTATE EMPLOYMENT—RIGHT TO DISPROVE FACT.—The surviving wife having recovered judgment for compensation in the proceeding before the commission by establishing the fact that the deceased was employed in intrastate commerce, and that judgment having become final, she could not recover in the action in the superior court by disproving the same fact on which the first judgment was necessarily based.

[9] ID. — ABSENCE OF RIGHT TO COMPENSATION UNDER STATE LAW — RECOVERY UNDER FEDERAL LAW NOT BARRED. — The surviving daughter, not having been dependent upon the deceased, was not entitled to compensation under the state law, and, she not having been a party to the proceeding before the Industrial Accident Commission, the award of the commission was not a bar to a recovery in her behalf under the Federal Employers' Liability Act, nor was any fact found by the commission *res adjudicata* as to her.

[10] MASTER AND SERVANT — ABSENCE OF EXPECTANCY OF PECUNIARY BENEFIT—RECOVERY UNDER FEDERAL LAW BARRED.—Where an adult married daughter of a deceased railroad employee had received no financial assistance from her father after marriage, she having been supported by her husband, and she did not have any ground for expecting any pecuniary benefit from a continuance of the life of her father, there could be no recovery for her benefit under the Federal Employers' Liability Act.

[11] NEGLIGENCE — ACTION FOR DAMAGES FOR DEATH — DUTY TO MAINTAIN DEPENDENTS—INSTRUCTIONS.—In an action for damages for death of an employee, an instruction that "It is the duty of the father, the mother and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability," while correct as an abstract statement of law, 'is not applicable in so far as recovery is sought for the benefit of an adult married daughter who is not dependent.

[12] ID.—CHARACTER OF EMPLOYMENT—QUESTION OF FACT.—The question as to whether the deceased was employed in interstate com-

merce at the time of his death is one of fact for the determination of the jury.

[13] JUDGMENTS—WHO BOUND BY—NOTICE AND RIGHT TO BE HEARD.—As a general proposition, no one is bound by a judgment unless he had legal, though not necessarily actual, notice of the proceeding in which it was rendered and was entitled to appear and assert his interest in the subject matter. (On petition for modification.)

[14] ID.—AWARD OF COMMISSION—ADULT DAUGHTER NOT BOUND.—An adult married daughter who was not dependent upon the deceased, having no right to appear in the proceeding before the Industrial Accident Commission or to assert any rights therein, is not bound by the award of the commission. (On petition for modification.)

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

Devlin & Devlin for Appellant.

Theodore A. Bell for Respondent.

FINCH, P. J.—Plaintiff was given judgment for damages under the Federal Employers' Liability Act (8 Fed. Stats. Ann., 2d ed., pp. 1208, 1339, etc.; U. S. Comp. Stats., secs. 8657–8665) for the death of her husband, Harry Williams, alleged to have been caused by the negligence of the defendant while the deceased was in the discharge of his duties as brakeman on an interstate train of the defendant company.

Appellant does not contest the implied finding of negligence but earnestly contends that the deceased was not employed in interstate commerce at the time of the injury resulting in his death. This contention is based on two propositions advanced by the defendant: First, that the evidence conclusively establishes that the train on which the deceased was employed was not an interstate train; secondly, that in a proceeding instituted by the plaintiff, in her individual capacity, against the defendant before the Industrial Accident Commission, it was adjudged that at the time of his death the deceased was employed in intrastate commerce and that such determination is *res adjudicata* between the parties to this action.

The injury and resulting death of Harry Williams occurred November 25, 1917. The original complaint in this

action was filed January 9, 1918. On April 12, 1918, the
defendant filed its answer denying that the deceased was
employed in interstate commerce at the time of his death.
To avoid the bar of the statute of limitations to a recovery
before the Industrial Accident Commission in the event of
a decision by the superior court that the deceased was not
employed in interstate commerce, the plaintiff, Ruth Will-
iams, in her individual capacity, just prior to the expiration
of one year from the time of her husband's death, made ap-
plication to the commission for adjustment of her claim
for damages, alleging the pendency of the action in the su-
perior court and that the defendant therein had "answered
alleging that deceased was engaged in intrastate commerce
at the time of his death" and praying that the proceeding
before the commission "be held in abeyance, after service
upon the defendant, until final determination of the said
civil action." On December 19, 1918, counsel for Mrs.
Williams appeared before the commission and moved that
the proceeding be held in abeyance during the pendency of
the action in the superior court. The motion was opposed
by counsel for the defendant and was denied by the com-
mission. Thereupon counsel for Mrs. Williams applied to
the supreme court for a writ of prohibition restraining the
commission from proceeding in the matter pending the
court's action. The application was denied. The defendant
admitted all the facts stated in the application before the
commission and did not resist the award prayed for. The
commission thereupon awarded Mrs. Williams the sum of
$5,000 as damages, and a certified copy of its findings and
award was filed by the defendant in the superior court of
Sacramento County and judgment thereon was duly entered.

[1] The respondent contends that the doctrine of *res
adjudicata* has no application to the findings and award of
the Industrial Accident Commission; that, since the supe-
rior court first acquired jurisdiction, its determination of
any issue before it is conclusive notwithstanding a prior
inconsistent determination of the same issue by the com-
mission; and that the parties to the two proceedings are
not identical, in that the plaintiff sued as an individual in
the one and as administratrix in the other.

In *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 411
[Ann. Cas. 1917E, 390, 156 Pac. 491], it is said: "Where

compensation ·is sought the proceedings are in substance those of a court in an action at law. . . . After hearing by the commission, it makes and files its findings of facts and its 'award which shall state its determination as to the rights of the parties.' The findings thus made are 'conclusive and final' and the award itself is not reviewable except by a writ of *certiorari* under which the review is restricted in scope. Any party in interest may file a certified copy of the findings and award with the clerk of the superior court, and judgment must be entered by the clerk in conformity therewith. . . . We shall not take time to review in detail the cases just cited, but content ourselves with saying that we think there is nothing in them which would support the claim that the powers exercised by the Industrial Accident Commission of this state, in making awards of compensation are not strictly judicial." (See, also, *Carstens* v. *Pillsbury,* 172 Cal. 576 [158 Pac. 218]; *Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 319 [153 Pac. 24]; *Gouanillou* v. *Industrial Acc. Com.,* 184 Cal. 418 [193 Pac. 937]; *Massachusetts etc. Co.* v. *Industrial Acc. Com.,* 176 Cal. 491 [168 Pac. 1050].) The findings of the Industrial Accident Commission are *res adjudicata.* (*In re Hunnewell,* 220 Mass. 351 [107 N. E. 934]; *Centralia Coal Co.* v. *Industrial Acc. Com.,* 297 Ill. 513 [130 N. E. 727].)

[2] It is not claimed that either the action in the superior court or the proceeding before the commission could have been successfully pleaded in abatement of the prosecution of the other, but respondent cites 15 Corpus Juris, 1161, to the effect that where two tribunals have concurrent jurisdiction over the same parties and subject matter, "the tribunal where jurisdiction first attaches retains it exclusively, and will be left to determine the controversy and to fully perform and exhaust its jurisdiction and to decide every issue or question properly arising in the case." At page 1165 of the same volume, however, it is stated that "the rule is limited to actions which deal either actually or potentially with specific property or objects, and where a suit is strictly *in personam,* nothing more than a personal judgment being sought, there is no objection to a subsequent action in another jurisdiction." There is some confusion in the decisions because of failure to recognize the limitation just stated. [3] In strictly personal actions the great

weight of authority sustains the rule as stated in the case of *Boatmen's Bank* v. *Fritzlen*, 135 Fed. 667 [68 C. C. A. 288], that "it is not the final judgment in the first suit, but the first final judgment, although it may be in the second suit, that renders the issues in such a case *res adjudicata* in the other court." (For further authorities to the same effect, see *Insurance Co.* v. *Harris*, 97 U. S. 331 [24 L. Ed. 959]; *Schuler* v. *Israel*, 120 U. S. 506 [30 L. Ed. 707, 7 Sup. Ct. Rep. 648, see, also, Rose's U. S. Notes]; 1 Freeman on Judgments, 4th ed., sec. 320; *Jones* v. *Jones*, 108 N. Y. 415 [2 Am. St. Rep. 447, 15 N. E. 707]; *Lancashire Ins. Co.* v. *Corbetts*, 165 Ill. 592 [56 Am. St. Rep. 280, 36 L. R. A. 640, 46 N. E. 631]; *Davis* v. *Bledsole*, 69 Ala. 362; *Bourgeois* v. *Jacobs*, 45 La. Ann. 1310 [14 South. 68]; *Oxford* v. *Paris*, 33 Me. 179; *Bank of United States* v. *Merchants' Bank*, 7 Gill (Md.), 415; *Marble* v. *Keyes*, 9 Gray (Mass.) 221; *Allis* v. *Davidson*, 23 Minn. 442; *Nave* v. *Adams*, 107 Mo. 414 [28 Am. St. Rep. 421, 17 S. W. 958]; *Casebeer* v. *Mowry*, 55 Pa. St. 419 [93 Am. Dec. 766].)

[4] The plaintiffs in the two proceedings are not the same and, therefore, the award of the commission is not a bar to the whole cause of action in the superior court (*Troxell* v. *Delaware, L. & W. R. Co.*, 227 U. S. 434 [57 L. Ed. 586, 33 Sup. Ct. Rep. 274, see, also, Rose's U. S. Notes]). "A judgment obtained by one or more of several joint owners or creditors, having claims against a common debtor, is not a bar to a subsequent action by the other claimants, or separate suits by each of them, for the recovery of their claims, although it is *res judicata* as to the claims of those who brought the former suit." (15 Standard Ency. of Proc. 514; *Suisun L. Co.* v. *Fairfield School Dist.*, 19 Cal. App. 594 [127 Pac. 349]; *Harris* v. *Alcock*, 10 Gill & J. (Md.) 226 [32 Am. Dec. 158].)

[5] A material issue in both proceedings was the character of Williams' employment; if intrastate, the commission had exclusive jurisdiction to award compensation; if interstate, then the jurisdiction was in the superior court. The commission determined that the employment was in intrastate commerce and the fact "so determined must, as between the same parties or their privies, be taken as conclusively established so long as the judgment in the first

suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of persons and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them." (*Southern Pac. R. Co.* v. *United States,* 168 U. S. 1 [42 L. Ed. 335, 18 Sup. Ct. Rep. 18, see, also, Rose's U. S. Notes]; 2 Black on Judgments, 2d ed., sec. 506.)

In *Spokane & Inland Empire R. Co.* v. *Whitley,* 237 U. S. 487 [59 L. Ed. 1060, 35 Sup. Ct. Rep. 655, L. R. A. 1915F, 736, see, also, Rose's U. S. Notes], in construing a statute of Idaho similar to the Federal Employers' Liability Act, the court said: "The recovery authorized is not for the benefit of the 'estate' of the decedent; the proceeds of the recovery are not assets of the estate. Where the personal representative is entitled to sue, it is only as trustee for described persons, the 'heirs' of the decedent. . . . They are the sole beneficiaries. . . . It may also be premised that when suit is duly brought by the trustee under such a statutory trust, it is a necessary and conclusive presumption that the trust will be executed and the rights of the beneficiaries as fixed by the statute which created the obligation will be recognized by all courts before whom the question of distribution may come." In *Ruiz* v. *Santa Barbara Gas etc. Co.,* 164 Cal. 191 [128 Pac. 332], it is said: "It is settled by the decisions that an action of the character authorized by section 377 of the Code of Civil Procedure is one solely for the benefit of the heirs, . . . that the money recovered in such an action does not belong to the estate but to the heirs only, and that an administrator has the right to bring the action only because the statute authorizes him to do so, and that he is simply made a statutory trustee to recover damages for the benefit of the heirs."

In *Corcoran* v. *Chesapeake & O. Canal Co.,* 94 U. S. 741 [24 L. Ed. 190, see, also, Rose's U. S. Notes], the plaintiff

brought the suit upon certain bonds and the defendant pleaded a prior judgment as a bar. The court, in sustaining the plea, said: "It is also argued that in that suit Mr. Corcoran was only a party in his representative capacity of trustee, and here he sues in his individual character as owner of the bonds, and in this latter capacity is not bound by that decree. But why is he not bound? It was his duty as trustee to represent and protect the holders of these bonds; and for that reason he was made a party, and he faithfully discharged that duty. It would be a new and very dangerous doctrine in the equity practice to hold that a *cestui que trust* is not bound by the decree against his trustee in the very matter of the trust for which he was appointed. If Mr. Corcoran owned any of these bonds and coupons, then he is bound, because he represented himself. If he has bought them since, he is bound as a privy to the person who was represented." In *Estate of Bell,* 153 Cal. 331 [95 Pac. 372], the court arrived at a similar conclusion where the administratrix had proceeded in her representative capacity in one case and in her individual capacity in the other. The court said: "In both proceedings she was the real party in interest, asserting individual and not representative rights, and is bound by the judgment." (See, also, *In re Parks' Estate,* 166 Iowa, 403 [147 N. W. 850]; *Chandler* v. *White Oak Creek Lumber Co.,* 131 Tenn. 47 [173 S. W. 449].) In 2 Black on Judgments, second edition, section 536, it is said: "If one sues as trustee, and afterward in his individual capacity in respect of the same subject matter, he is bound by the decree in the former suit. For if, at that time, he owned the subject of the trust, he was representing himself." [6] Without multiplying authorities, it may be stated as a general rule that where one appears in a representative capacity in one action and in his individual capacity in another action, involving the same subject matter, without any change in his relation to that subject matter, a judgment in the one case is conclusive of his rights in the other.

Counsel for respondent contends that the rule as thus stated is in conflict with that laid down in the case of *Troxell* v. *Delaware L. & W. R. Co.,* 227 U. S. 434 [57 L. Ed. 586, 33 Sup. Ct. Rep. 274, see, also, Rose's U. S. Notes]. The judgment pleaded as a bar in that case was

given in an action by Mrs. Troxell as surviving widow in behalf of herself and children for the death of her husband. The court in that action held that it was brought under the state law. "In such an action there could be no recovery because of the negligence of the fellow-workmen of Troxell." "The jury was confined to the question of responsibility for failing to provide proper safety appliances." The plaintiff was given judgment which was reversed on appeal. The second action was then brought by Mrs. Troxell as administratrix under the federal act under which there might be a recovery for the negligence of fellowworkmen. In the second action the trial court held that "the former case had adjudicated matters as to defects in cars, engines, and rails, [and] submitted to the jury only the question of the negligence of fellow-servants." Judgment was again rendered in favor of the plaintiff and the circuit court of appeals "reversed the judgment, holding that the first proceeding and judgment was a bar to a recovery in the second action." In overruling the decision of the circuit court of appeals, the supreme court held that "where the second suit is upon a different claim or demand, the prior judgment operates as an estoppel only as to matters in issue or points controverted and actually determined in the original suit, . . . and the plaintiff's right to recover because of the injury by the negligence of the fellowservants was not involved in or concluded by the first suit." The court further held that "there was not that identity of parties in the former action by the widow and the present case, properly brought by the administrator under the Employers' Liability Act, which renders the former suit and judgment a bar to the present action." [7] Appellant urges that this latter statement by the court is mere *dictum,* but "where there are two grounds, upon either of which the judgment of the trial court can be rested, and the appellate court sustains both, the ruling on neither is *obiter,* but each is the judgment of the court, and of equal validity with the other." (*Union Pac. R. Co.* v. *Mason City & Ft. D. R. Co.,* 199 U. S. 160 [50 L. Ed. 134, 26 Sup. Ct. Rep. 19, see, also, Rose's U. S. Notes].) The decision goes no further than to hold that, because there was not identity of parties plaintiff in the two actions, the second was not wholly barred by the judgment in the first. The question

whether an issue actually determined in the first was conclusive on the same issue in the second as against a recovery for the benefit of Mrs. Troxell was not before the court. The trial court held that the judgment in the first action was a bar as to all issues actually determined in that suit. The correctness of this holding was not in controversy before the higher court and was not considered by it. The opinion in the Troxell case does not warrant the conclusion that the court intended thereby to overrule its prior decision in the Corcoran case, *supra,* and similar decisions by the highest courts of many of the states. In the proceeding before the commission by Mrs. Williams, she appeared in her individual capacity and in the action in the superior court she represented herself as one of the beneficiaries and had control of the prosecution of the case. "Parties, in the larger sense, are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if an appeal lies." (*Green* v. *Bogue,* 158 U. S. 478 [39 L. Ed. 1070, 15 Sup. Ct. Rep. 975, see, also, Rose's U. S. Notes].) **[8]** Having recovered judgment for compensation in the proceeding before the commission by establishing the fact that the deceased was employed in intrastate commerce, and that judgment having become final, she could not recover in the action in the superior court by disproving the same fact on which the first judgment was necessarily based.

Not knowing what the determination of the trial court would be as to the character of employment of the deceased, and naturally desirous of avoiding an entire failure of compensation, the plaintiff felt the necessity of making the application to the commission, even though recovery in that tribunal is limited in amount. In states which provide but one tribunal for the trial of such actions, that tribunal determines in the one action whether the employment was interstate or intrastate and renders judgment accordingly under the federal act or the state law as the case may warrant, and the predicament in which the plaintiff herein found herself cannot arise.

**[9]** The judgment was for $25,000, of which $5,000 was apportioned to Vivian Peabody, an adult married daughter of the deceased. The complaint alleges that she was not

dependent upon the deceased. Not being dependent, she was not entitled to compensation under the state law and she was not a party to the proceeding before the commission. It is clear that the award of the commission is not a bar to a recovery in her behalf under the federal act, nor is any fact found by the commission *res adjudicata* as to her.

[10] The complaint alleges that Mrs. Peabody was not dependent upon the deceased. There was no allegation that she had any ground for expecting any pecuniary benefit from a continuance of his life. The evidence shows that Mrs. Peabody is the only child of deceased and was twenty-one years old at the time of his death; that she was married in 1915 and her husband was about thirty-two years old at the time of the trial in February, 1919; that he is a machinist and in 1918 enlisted in the navy and went into training as an airplane mechanic and at the time of the trial was expecting to be discharged at any time; that the only source of income of Mrs. Peabody while her husband was in the service was a government allowance of $30 a month for herself and $7.50 for their child, neither she nor her husband having any property. There was no evidence that Mrs. Peabody had received any assistance from her father after her marriage. She lived with and was supported by her parents prior to her marriage. The deceased and his wife were both of the age of thirty-nine years and had a life expectancy of 28.9 years. The deceased was an experienced brakeman and was in line for promotion. His last monthly pay check was $148, though that was somewhat above the average. He and his wife were in good physical health. They had not accumulated any property.

Appellant contends that under the facts shown the case of *Gulf, C. & St. F. R. Co.* v. *McGinnis,* 228 U. S. 173 [57 L. Ed. 785, 33 Sup. Ct. Rep. 426, see, also, Rose's U. S. Notes], is conclusive against a recovery in behalf of Mrs. Peabody. In that case the administratrix sued under the federal act for the benefit of herself and four children, one of whom was an adult married daughter. Judgment was given for the sum of $15,000, one-half of which was apportioned equally to the four children. The court of civil appeals affirmed the judgment (*Gulf C. & S. F. Ry.*

*Co.* v. *McGinnis* (Tex. Civ.), 147 S. W. 1188.) The supreme court of the United States reversed the judgment on the sole ground that, under the pleadings and proofs, the married daughter was not entitled to recover. The court said: "There was neither allegation nor evidence that Mrs. Saunders was in any way dependent upon the decedent, nor that she had any reasonable expectation of any pecuniary benefit as a result of a continuation of his life. . . . In a series of cases lately decided by this court, the act in this aspect has been construed as intended only to compensate the surviving relatives of such a deceased employee for the actual pecuniary loss resulting to the particular person or persons for whose benefit an action is given." (See, also, *Garrett* v. *Louisville etc. R. R. Co.*, 235 U. S. 312 [59 L. Ed. 242, 35 Sup. Ct. Rep. 32, see, also, Rose's U. S. Notes].) There is no distinction in principle between the McGinnis case and this. In neither case was there any evidence from which to infer that pecuniary benefits would have been received except the bare fact of the relationship of father and daughter. In the McGinnis case it was held that the issue raised was a federal question and that case is controlling here where the identical question is presented.

[11] The court gave the following instruction: "It is the duty of the father, the mother and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability." While the instruction is correct as an abstract statement of the law, it applies only in cases of dependency, and, as stated, the complaint herein alleges that Mrs. Peabody was not dependent.

[12] Appellant contends that the evidence is not sufficient to support the implied finding that the deceased was employed in interstate commerce at the time of his death. The question is one of fact for the determination of the jury. The trial court correctly instructed the jury as to the law applicable to the question. On a retrial a different state of facts may be shown and a discussion here of the evidence would serve no useful purpose.

The judgment appealed from is reversed.

Burnett, J., and Hart, J., concurred.

A petition for a modification of the opinion was denied by
the district court of appeal on November 16, 1921, and the
following opinion then rendered thereon:

THE COURT.—Appellant has filed a petition for the
modification of the decision herein by this court, concluding
as follows:

"The appellant, therefore, asks that the opinion hereto-
fore rendered and filed be modified so as to declare that
the daughter, Vivian Peabody, is also bound by the finding
of the Industrial Accident Commission to the effect that
the decedent was engaged in intrastate employment at the
time of his death, and that, if it be necessary for a con-
sideration of this point, a rehearing be granted, limited,
however, solely to the one point, namely, the effect of the
award of the Industrial Accident Commission as to the right
of the administratrix to recover on behalf of the daughter."
In appellant's opening brief the contention is stated as
follows: "The finding of the commission fixing the status
of the employment is an adjudication *in rem* and binds the
world." The proceeding before the commission has none
of the characteristics of an action *in rem.* [13] It may
be stated as a general proposition that no one is bound by
a judgment rendered in a proceeding of which he had no
legal notice, though *actual* notice is not necessary. (Free-
man on Judgments, 4th ed., sec. 606.) If the world is to
be bound, the world must have notice. (*Freeman* v. *Alder-
son,* 119 U. S. 185 [30 L. Ed. 372, 7 Sup. Ct. Rep. 165,
see, also, Rose's U. S. Notes].) Only those who are en-
titled to appear and assert their interest in the subject
matter of the suit are bound by the judgment. (Freeman
on Judgments, 4th ed., sec. 617; *Gridley* v. *Boggs,* 62 Cal.
202.) Appellant relies on the provisions of section 1908
of the Code of Civil Procedure as follows: "In case of a
judgment or order against a specific thing, or in respect
to the probate of a will, or the administration of the es-
tate of a decedent, or in respect to the personal, political,
or legal condition or relation of a particular person, the
judgment or order is conclusive upon the title to the thing,
the will, or administration, or the condition or relation of
the person." This section was construed in the case of
*Gridley* v. *Boggs, supra,* which was commenced by George

W. Gridley in his lifetime and the prosecution thereof was continued by his administratrix after his death to obtain a decree setting aside a deed made by him at a time when it was alleged he was incompetent. The deceased had made a will a few months prior to the execution of the deed in question. The will was offered for probate and rejected by the court on the ground that the deceased was of unsound mind at the date of the execution thereof. In the trial of the case of *Gridley* v. *Boggs* the findings and decree in the probate proceeding were offered in evidence and objection thereto was sustained by the court. It was claimed on appeal that the judgment denying probate of the will was conclusive as to Gridley's mental condition, under the provisions of section 1908 of the Code of Civil Procedure. The court said: "Certainly all those who might be affected by a judgment that Gridley was insane when the will was executed did not have the right to appear and assert their rights in the proceedings for the probate of the will. The legal notice of that proceeding ran only to those interested in Gridley's estate. And as to 'the more general ground,' public policy only requires, at most, that a judgment as to the status of a particular person, which shall be conclusive as against those not parties to it, shall be a judgment which simply determines such *status* in a proceeding whose sole end and aim is to determine it. The judgment of the superior court determined that a certain instrument, purporting to be the last will and testament of George W. Gridley, was not his last will and testament. The proceeding was not a special inquiry to determine his status as to sanity or insanity. The finding of insanity was of a probative fact upon which the court held the will to be invalid, as it might have held it to be invalid upon proof of duress or undue influence." Appellant relies on the case of *Northwestern Redwood Co.* v. *Industrial Acc. Com.*, 184 Cal. 484 [194 Pac. 31], in which it is said that "the proceeding may be characterized as one *quasi in rem.*" It is apparent from the context that this statement had no reference to the ordinary proceeding before the commission but was limited to the particular matter under discussion, the right of the wife to subject community property within the jurisdiction of the court to her demands against her husband who was beyond such jurisdiction. The court said: "It is sufficient

to say that the purpose of this proceeding is to enforce the rights of the wife in community property located in this state, and that constructive notice to the husband is, therefore, sufficient to give jurisdiction to pass upon the questions so involved. The proceeding may be characterized as one *quasi in rem.* In such proceeding notice by publication is a sufficient compliance with the federal constitution.''

This discussion has proceeded upon the assumption that the terms ''condition or relation of a. particular person'' as used in section 1908 of the Code of Civil Procedure are broad enough to include the status of one's employment as to its intrastate or interstate character. Such assumption, however, appears to be unwarranted. The right of a mechanic to a lien for his wages may depend upon the character of the work in which he is engaged, yet it would hardly be contended that a judgment establishing the character of such work is *in rem,* binding upon the whole world. There is no distinction in principle between the two cases. Other similar illustrations may readily be suggested. Appellant's contention finds no support in reason or authority.

[14] For the purposes of the argument, at least, it may be conceded that all persons entitled to share in the award of the commission are bound by the adjudication of the commission, not because the award is a judgment *in rem,* but because they were represented in the proceeding by Mrs. Williams, but Mrs. Peabody, not being dependent upon the deceased, was not. entitled to participate in the award and cannot be said to have been so represented. Having no right to appear in the proceeding or to assert any rights therein, she is not bound by the award. Under the federal law her right of recovery is not based on dependency, but upon her reasonable expectation, if any, of pecuniary benefit from a continuance of her father's life.

The petition is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 15, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.,* was acting.