**(102 So. 402)**

**No. 24879.**

**LONG v. M. C. PETERS MILL CO.**

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Judgment ⬰822(1)—Judgment rendered in another state, properly authenticated, has same effect in Louisiana as where rendered.**

A properly authenticated judgment rendered in another state of the Union has the same force and effect in Louisiana as in the state where the judgment was rendered.

2. **Judgment ⬰821—Final judgment rendered by court of another state, on same cause of action, held res judicata.**

Final judgment rendered by a court of competent jurisdiction, in Arkansas, after trial on issues joined by personal appearance and answer of defendant, *held* res judicata in suit brought by same plaintiff against same defendant for same cause of action in court of Louisiana, and pending and at issue at time judgment was rendered in Arkansas, in view of Const. U. S. art. 4, § 1.

3. **Judgment ⬰821—Rule as to conclusiveness of judgment first rendered in one of two courts of concurrent jurisdiction held applicable to foreign judgment.**

The rule that where the same cause of action is prosecuted in two different courts of concurrent jurisdiction, at the same time, the judgment first rendered will be final and executory against the party cast, applies also to a foreign judgment.

Appeal from Seventh Judicial District Court, Parish of West Carroll; John R. McIntosh, Judge.

Action by Lawrence W. Long against the M. C. Peters Mill Company. From a judgment for defendant, plaintiff appeals. Affirmed.

M. H. O'Connell, of Oak Grove, for appellant.

D. J. Anders, of Oak Grove, for appellee.

THOMPSON, J. The law question presented in this case is whether a final judgment rejecting plaintiff's demand, rendered by a court of competent jurisdiction in another state after trial on the issues joined by personal appearance and answer of the defendant, can be successfully pleaded as res judicata against a suit brought by the same plaintiff against the same defendant, for the same cause of action in a court of this state and pending and at issue at the time the judgment was rendered in the foreign state.

The facts constituting the basis for the plea are shown by the record, and are undisputed. The proceedings had in the court

of the foreign state are certified to in accordance with the acts of Congress.

On June 30, 1920, the plaintiff Long sued the defendant Peters Mill Company, as a foreign corporation, in the district court of West Carroll parish for $2,643 as damages for the failure to deliver 225 tons of horse feed in accordance with an alleged contract. An attachment was sued out, and the First National Bank of Oak Grove was made garnishee. The suit was answered by the defendant, through counsel employed, on September 25, 1920, in which answer the defendant denied any breach of the contract and disclaimed any liability to plaintiff whatever.

While the said suit was pending, the plaintiff, on October 11, 1920, instituted suit against the same defendant for the same amount and for the same cause of action in the circuit court of Chicot county, Ark. In that suit the defendant was brought into court as a nonresident corporation by substituted service and a writ of attachment. The suit was put at issue on January 21, 1921, through counsel employed by the defendant corporation. The answer was practically the same as the answer filed to the suit in the district court of West Carroll. The case was tried by a jury, which rendered a verdict in favor of defendant and on which a judgment was rendered by the judge of said circuit court of Chicot county on March 10, 1921, rejecting plaintiff's demand and dismissing his suit. No appeal was prosecuted from that judgment, and the same became final.

Thereafter, on April 11, 1921, the defendant filed in the suit in the district court of West Carroll parish a plea of res judicata, which was sustained by the court, and plaintiff's suit was dismissed.

There is no doubt but that the cause of action in the two suits was the same. There is no question as to the identity of the parties. It seems to be conceded that the Arkansas court was a court of competent jurisdiction and its judgment had become final at the time the plea of res judicata was sustained in the court below. And as we have already indicated, the defendant submitted to the personal jurisdiction of both courts by filing an answer through counsel.

[1-3] The first section of the fourth article of the Constitution of the United States directs that—

"Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state."

It is well settled that a judgment rendered in another state of the Union, properly authenticated, has the same force and effect here as in the state where it was rendered. Tippton v. Mayfield, 10 La. 193; Briggs v. Spencer, 3 Rob. 265, 38 Am. Dec. 239; Toler v. Cushman, 12 La. Ann. 733; State ex rel. Plaisent v. Orleans R. R. Co., 38 La. Ann. 312.

In the case of Hockaday v. Skeggs, 18 La. Ann. 681, it was said:

"The transcript must show that the proceedings are clothed with the forms necessary to the validity of a judgment in the state from which it comes. It must also show that the defendant had due notice, or that he actually appeared. In the absence of evidence either impeaching a foreign judgment, or going to show that it had not, under the laws of the state where it was rendered, the effect of a final judgment, our courts are bound to consider it as having the force of the thing adjudged."

All the requirements indicated in the case just cited were complied with, as shown by the transcript brought up in this case. From which it follows that the judgment rendered by the circuit court of Chicot county, Ark., rejecting the plaintiff's demand, is conclusive and final against his demand on the same cause of action in the present suit.

Had the plaintiff filed in two different courts of concurrent jurisdiction in this state a suit based on the same cause of action, there could be no doubt that the first

judgment rendered would have precluded him from prosecuting the second suit to judgment on the proper plea being timely filed.

"Where the same cause of action is prosecuted in two different courts of concurrent jurisdiction, at the same time, the judgment first rendered will be final and executory against the party cast." Bourgeois v. Jacobs, 45 La. Ann. 1314, 14 So. 70.

The same rule applies with respect to a foreign judgment.

The plea of res judicata was properly sustained by the court below, and that judgment is affirmed, at the costs of appellant.