[Civ. No. 12050.  First Dist., Div. One.  Apr. 17, 1942.]

GOODMAN BROS., INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Hadsell, Sweet, Ingalls & Carroll for Petitioner.

John W. Herron for Respondent.

PETERS, P. J.—Petition for a writ of prohibition.

The petitioner, Goodman Bros., Inc., is named as one of several defendants in a superior court action brought by its employee, Clemence Aho, to recover damages for his personal injuries received by him while acting in the course and scope of his employment. So far as petitioner is concerned, it is named as a defendant in that action on the theory that it was uninsured against liability for injuries to its employees as required by section 3700, Labor Code, and, therefore, under section 3706 of that code, an action may be brought against it in the superior court. Petitioner, by this proceeding for prohibition, seeks to restrain further prosecution of the superior court action, so far as it is concerned, on the theory that the superior court has no jurisdiction of this petitioner. This contention is predicated on the allegation that the employee recovered an award of compensation in a proceeding before the Industrial Accident Commission, in which proceeding it was found that petitioner was insured, and an award was granted its employee Aho against petitioner's insurance carrier. Petitioner contends that this finding in the action before the commission is res judicata in the superior court action as to a jurisdictional fact, that it conclusively determines that petitioner was insured, and that this adjudication deprives the superior court of jurisdiction.

Section 3706, Labor Code, provides that: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, in addition, may bring an action at law against such employer for damages, as if this division did not apply." Section 3707, Labor Code, permits the employee to attach the property of the employer in such action, while under section 3708, it is provided that in such action negligence on the part of the employer is presumed, and contributory negligence on the part of the employee is no defense. Under the provisions of section 3709 if an employee obtains a judgment in excess of the amount awarded in the compensation proceeding "the compensation awarded by the commission . . . shall be credited upon such judgment."

Under these sections, if an employee is injured in the course and scope of his employment, and the employer is uninsured, the employee may proceed both before the commission and in the regular courts. If the employer is in fact insured the regular courts have no jurisdiction.

The petition herein alleges that while Aho was employed by petitioner, on March 4, 1941, he received an injury arising out of, and in the course of, his employment, and that on March 31, 1941, he filed his application with the Industrial Accident Commission for compensation, naming petitioner as his employer and the Fidelity & Casualty Company of New York as the employer's insurance carrier. In this petition before the commission Aho alleged, in effect, that there was a controversy over whether the employer was in fact insured, and over whether a penalty should be imposed against the employer for being wilfully uninsured. Aho filed this application on his own behalf. The petition for prohibition alleges that a hearing was had in San Francisco on Aho's application on April 14, 1941, at which Aho appeared and testified; that a further hearing was had in Fresno on May 2, 1941, at which only the employer and the Fidelity Company were represented; that on May 23, 1941, an attorney filed a notice of appearance on behalf of Aho; that on May 26, 1941, Aho filed a complaint for damages in the superior court against petitioner in which it was averred that petitioner employer was uninsured. A second count of this complaint was directed against J. G. Johnson, Inc., alleged to be the

owner of the premises on which the injury occurred. It should be pointed out that the petitioner in the present proceeding only seeks to restrain the superior court action as to it. The question of the liability of J. G. Johnson, Inc., is not involved in this proceeding.

The petition for prohibition next alleges that on June 23, 1941, the attorney for Aho filed an affidavit in the proceeding before the commission in which he set forth that the insurance policy issued by the Fidelity Company was dated March 4, 1941, at noon; that the accident happened at 10:45 a. m. on that day; that from the face of the policy it was apparent that it was not in effect at the time of the accident; that it was on this theory that the superior court action against Goodman Bros., Inc., had been filed; that after the filing of that complaint affiant learned that the insurance company deems itself liable on the policy because of certain representations made to Goodman Bros., Inc., by the agent of the insurance company; that affiant does "not concede or stipulate that Goodman Bros., Inc., was covered at the time of the accident or had an insurance policy for compensation insurance in effect at the time of the accident, but under the circumstances of this case, it is very questionable whether or not plaintiff would be able to prove non-insurance on the trial of the personal injury action." The petition for prohibition then alleges that on September 8, 1941, the commission made its findings and award in the proceeding pending before it. The commission expressly found that Goodman Bros., Inc., was insured at the time of the accident, and based on this finding, made its award against the insurance company, and released Goodman Bros., Inc., from liability. Thereafter, so it is alleged, Goodman Bros., Inc., filed its answer in the superior court action denying that it was uninsured, and alleging as a separate defense, the prior decision of the commission holding that Goodman Bros., Inc., was insured; that thereafter plaintiff in the superior court action filed a demurrer to the answer and a notice of motion to strike out certain portions of the answer including the defense of res judicata; that on November 19, 1941, the trial court entered its order sustaining the demurrer and granting the motion to strike from the answer the plea of res judicata.

Aho has filed a demurrer and answer to this petition for prohibition. In the answer it is alleged that at all hearings before the commission at which Aho was present the insurance

company contested its liability; that at subsequent hearings Aho was not present in person, or by agent or by attorney; that in May of 1941 the insurance company in a letter addressed to the commission stipulated to assume liability; that the findings of the commission were predicated on this stipulation.

The law is settled that the Industrial Accident Commission proceeds judicially, and that its determinations, subject to the same limitations applicable to judgments of courts generally, are res judicata in all subsequent proceedings between the same parties or those privy to them. This problem has been discussed in at least two California cases. In *Williams* v. *Southern Pac. Co.*, 54 Cal. App. 571 [202 Pac. 356], the decedent's widow as administratrix brought an action in the superior court against the employer of her husband under the Federal Employer's Liability Act on the theory that at the time of his death her husband was engaged in interstate commerce. The employer denied the allegation that the employee was engaged in interstate commerce, alleging that he was in fact engaged in intrastate commerce. Thereafter, the widow, in her individual capacity, to protect herself in the event the superior court should hold that her husband was not employed in interstate commerce, filed an application before the Industrial Accident Commission alleging all the facts, including the pendency of the superior court action, and praying that the proceeding before the commission be held in abeyance until final determination of the superior court action. Under the law, in the event decedent had been employed in intrastate commerce, sole jurisdiction was with the commission. The jurisdiction of the superior court depended on the accident having occurred in interstate commerce. After filing before the commission, the widow formally moved for a continuance of the commission proceeding to await the determination of the superior court action, which had been filed first. The motion was denied. The widow then sought a writ of prohibition from the Supreme Court to accomplish this purpose. The petition for the writ was denied. Thereafter, the commission held a hearing, found the accident had occurred in intrastate commerce, and made its award in favor of the widow. The superior court refused to recognize the award as res judicata and proceeded to trial of the action there pending. This trial resulted in a large

judgment in favor of the plaintiff based on the implied finding that the employment was interstate in character. This judgment was reversed on appeal on the ground that the award of the commission was res judicata on the issue as to whether the employee was engaged in interstate or intrastate commerce. The court held that proceedings before the commission were "strictly judicial," and its findings were therefore res judicata. The court recognized that the superior court action had been filed first, but held (p. 576) that "it is not the final judgment in the first suit, but the first final judgment, although it may be in the second suit, that renders the issues in such a case *res adjudicata* [sic.] in the other court." On the same page the court pointed out: "A material issue in both proceedings was the character of Williams' employment; if intrastate, the commission had exclusive jurisdiction to award compensation; if interstate, then the jurisdiction was in the superior court. The commission determined that the employment was in intrastate commerce and the fact 'so determined must, as between the same parties or their privies, be taken as conclusively established so long as the judgment in the first suit remains unmodified. . . .' "

The decision in this case is direct authority in the instant case. The question as to whether Goodman Bros., Inc., was in fact insured was an issue in the proceeding before the commission. The commission could not and would not have relieved the employer from liability and made its award against the carrier had a finding of insurance not been made.

A similar problem was involved in *Gerini* v. *Pacific Employers Ins. Co.,* 27 Cal. App. (2d) 52 [80 P. (2d) 499]. In that case a proceeding before the commission by parents of a decedent resulted in an award in their favor based on a finding that the decedent had been an employee of Ramazzotti. Thereafter, the parents brought action in the superior court against the employer and his insurance carrier, claiming that their son was not in fact an employee and that the employer and his insurance carrier, defendants in the action, had conspired to prevent the plaintiffs from bringing a superior court action for the death of their son, and had falsely represented before the commission that the son was an employee of Ramazzotti. The court affirmed judgment entered for defendants after sustaining of their demurrers to the complaint. It was pointed out that the plaintiffs' right of recovery depended on proof that their son was not an employee, and that they

would be forced to relitigate in the action the issue of his employment, in order to prove the falsity of the commission's finding. The court said that the "commission's finding was a final and conclusive determination of the fact of the son's employment," (p. 54) citing the Williams case, *supra*. The court was evidently of the view that the allegations of the complaint were not sufficient to state a cause of action for relief from the award of the commission on the ground that it had been procured by extrinsic fraud. Hearings in the Supreme Court were denied in both the Williams and Gerini cases.

It follows, therefore, that the prior decision of the commission in this proceeding, if such decision is final and not subject to attack on the ground of extrinsic fraud or mistake or other grounds permitted by law, is res judicata in the superior court action between the same parties on the question as to whether Goodman Bros., Inc., was in fact insured at the time the accident occurred. It is clear from the above decisions that, subject to the limitations above-indicated, the superior court must recognize the determination of that question of fact made by the commission. None of the cases cited by respondent holds to the contrary. They merely establish that where the employer is uninsured the employee may bring an action in the superior court, or he may pursue relief before both the superior court and the commission at the same time. (See *Marshall* v. *Foote,* 81 Cal. App. 98 [252 Pac. 1075]; *Grady* v. *Canfield,* 9 Cal. App. (2d) 341 [49 P. (2d) 902]; *Coffin* v. *Bloodworth,* 28 Cal. App. (2d) 522 [82 P. (2d) 953].) In *People* v. *Barker,* 29 Cal. App. (2d) (Supp.) 766 [77 P. (2d) 321], it was properly held that in a criminal prosecution for failure to carry compensation insurance an award of the commission finding that the defendant-employer was not insured was not admissible in evidence. The opinion notes the general rule that a judgment in a civil action is not res judicata in a criminal suit. The case is not here relevant.

Nor is the holding of *Rosslow* v. *Janssen,* 139 Cal. App. 81 [33 P. (2d) 705], contrary to what has been here said. In that case the commission had determined that the employer was uninsured, but this decision was being attacked by a petition to reopen when the superior court proceeded to the trial of the action there pending. The employer moved to terminate the proceedings in the superior court, which motion was denied.

The appellate court properly held that it was not error to refuse to terminate—that the superior court action could be maintained "independently" of the action before the commission. While it is true that the appellate court stated that the issue of insurance was to be determined in the superior court "irrespective of the proceeding pending before the Industrial Accident Commission," that language must be read in connection with the facts there involved. There was no question of res judicata presented. Both the commission and the superior court held the employer was uninsured. The language was used in connection with the rejection of appellant's contention that having proceeded before the commission the superior court had no jurisdiction.

Although it is the law that the prior final decision of the commission is res judicata in the superior court action on the issue of insurance, that does not mean that the superior court can be restrained by a writ of prohibition from trying the case there pending against Goodman Bros., Inc. The law is settled in this state that the plea of res judicata does not oust a court of jurisdiction—at most, it is conclusive evidence on an issue presented to the trial court—and prohibition is, of course, a writ that only attacks the jurisdiction of the court.

There are many cases holding that the plea of res judicata does not oust the court where it is interposed of jurisdiction over the controversy there pending. In *Baird* v. *Superior Court*, 204 Cal. 408 [268 Pac. 640], the petitioner was seeking by prohibition to restrain the superior court from trying a proceeding there pending on the ground a prior decision was res judicata. The court held (p. 412) that "under no hypothesis does the writ of prohibition lie" and continued, "Res judicata must be affirmatively relied upon and shown in evidence and in some cases must be pleaded, but in no case is the plea in and of itself sufficient to oust the court of jurisdiction. In its strongest form it is nothing more than conclusive evidence upon all or some of the issues involved. When a former judgment is pleaded either in bar or as an estoppel on some issue, there immediately arise questions as to identity of the parties, the validity of the judgment as shown by the judgment-roll, the legal effect to be given it and perhaps many other questions. Such matters are for the determination of the trial court, and whether correctly or incorrectly determined, it is nevertheless the exercise of jurisdiction over the subject matter and the parties."

The same factual situation was presented in *Reidy* v. *Superior Court,* 220 Cal. 111 [29 P. (2d) 780], where the petitioner sought by prohibition to restrain a trial on the ground that the issue involved had theretofore been decided by another court, and was therefore res judicata. In rejecting the contention that prohibition was proper the court stated (p. 112) : "While the plea of a former judgment may be a complete defense and a bar to a pending action, the court in which the second action is pending has jurisdiction to pass upon the merits of said plea and determine whether or not it is well taken. This question has been frequently before the appellate courts of this state and has been determined adversely to the contention of the petitioners. [Citing cases.]" (See, also, *Boullester* v. *Superior Court,* 137 Cal. App. 193 [30 P. (2d) 59].)

In *Anglo-California Nat. Bk.* v. *Superior Court,* 15 Cal. App. (2d) 676 [59 P. (2d) 1053], the petitioner sought by writ of mandate to dismiss an action pending in the superior court, after the trial court had denied his application for a nonsuit and for judgment on the pleadings predicated on the doctrine of res judicata. The court denied the writ on the sole ground that, even if it be assumed that the doctrine of res judicata was there applicable, error of the trial court in denying the plea could only be corrected upon an appeal.

In *Brown* v. *Superior Court,* 13 Cal. App. (2d) 693 [57 P. (2d) 965], the petitioner contended that a writ of prohibition could be used to restrain a court from proceeding where it had improperly refused to recognize a plea of res judicata. The court denied the writ and, in addition to stating the law substantially as it is stated in the quotation from the Baird case, *supra,* (upon which case it relied) stated (p. 695) : "Pleas of res judicata and estoppel are defensive matter and the superior court has jurisdiction to determine the merits thereof when interposed properly by pleading or proof; and, any alleged error in ruling upon such a plea being reversible on appeal, the pleader is not entitled to a writ of prohibition to restrain the superior court from proceeding with the trial of the case when the court has jurisdiction of the parties and subject-matter of the action. [Citing cases.] As stated, any error on the part of the court in its determination of the effect of the prior judgment may be reviewed on appeal." See, also, *Brown* v. *Brown,* 26 Cal. App. (2d) 637 [79 P. (2d)

1112], where another phase of the same case was involved and where the court came to the same conclusion.

In *Rideaux* v. *Torgrimson*, 12 Cal. (2d) 633 [86 P. (2d) 826], the employee filed an action in the superior court on the theory that he had suffered injuries in the course and scope of his employment and that the employers were uninsured. The trial court sustained a demurrer to the complaint for the reason that it appeared therein that the employers had died in the same accident, the trial court holding the action did not survive. On appeal it was held that the cause of action created by the forerunner of section 3706 of the Labor Code survived. After the case had been argued in the Supreme Court, and while it was still pending therein, the respondent sought to have the Supreme Court consider a final award of the Industrial Accident Commission determining that the plaintiff was not entitled to an award of compensation because she was not an employee within the meaning of the compensation act. It was urged that this rendered the issue in the action then on appeal res judicata. In discussing this point the Supreme Court stated (p. 638): "A consideration of the nature of a plea of res judicata indicates that this question must be answered in the negative. A defense founded upon the conclusiveness of a former adjudication must be either pleaded or proved. [Citing cases.] Such defense is waived if not raised either by the pleadings or the evidence. [Citing cases.] Since the scope and validity of the prior judgment may require scrutiny, a plea of res judicata does not oust the court of jurisdiction. [Citing cases.] In view of these principles, this court cannot now consider the effect of an adjudication which may never be relied upon as a bar to the action for damages, or which the appellant may be able to show does not estop her from prosecuting this suit."

These cases are conclusive on the point under consideration. The plea of res judicata does not oust a court of jurisdiction and therefore it cannot be enforced by prohibition.

This rule imposes no great hardship on the parties. Under section 597, Code of Civil Procedure, when the answer pleads a prior judgment as a defense, the court may try that issue before the trial of the main case. This supplies a speedy and expeditious method of disposing of that question.

It is true that the trial court may decide the issue incorrectly. If it does so, its error is no different than when it refuses to recognize the binding force of other types of evi-

dence. Such errors can only be corrected on appeal from the judgment. In the present case, it is apparent that if the prior judgment of the commission was final, and, if such prior judgment was properly pleaded and was not subject to attack, the trial court committed error (which error is still correctible in the trial court) in sustaining a demurrer thereto, and in striking the defense from the answer. Such error, if any, however, cannot be corrected by prohibition.

The alternative writ heretofore issued is discharged, and the petition for the peremptory writ is denied.

Knight, J., and Ward, J., concurred.