280 P.2d 270

Guadelupe M. GARCIA, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF GREENLEE and Hon. Jesse A. Udall, one of the Judges thereof, Respondents.

No. 6026.

Supreme Court of Arizona.

Feb. 21, 1955.

H. B. Daniels and Normand F. Birtcher, Phoenix, for petitioner.

Anderson & Smith, Safford, and Kent A. Blake, Phoenix, for respondents.

UDALL, Justice.

This is an original proceeding initiated by petitioner, Guadelupe M. Garcia, seeking to prohibit respondent, the Honorable Jesse A. Udall, then presiding in the superior court of the State of Arizona, in and for the County of Greenlee, from continuing to exercise jurisdiction in cause No. 91, now pending in said court, entitled "In the matter of the adoption of Sammy Ayala, Jr. (also known as Sammy Ayala Ponce), a minor." Counsel representing respondent filed both a motion to quash and a response to said petition. Briefs have been filed by the respective parties and the matter has been ordered submitted for decision.

But few facts need be stated in order to understand the legal problem presented for determination. Petitioner Garcia is the natural mother of the minor Sammy who was born in March, 1948. The mother being at that time without means to provide for the child gave the physical custody to her married sister, Maria Ponce of Morenci, Greenlee County, Arizona, and the child has at all times since then resided in the Ponce home.

Petitioner beginning in the year 1950 has taken various legal steps to regain possession of her child. Her two petitions for writ of habeas corpus filed in the superior court of the State of Arizona in and for the County of Greenlee have been resisted by the Ponces and the latter have countered with petitions to adopt. These were opposed by the natural mother who at all times has refused to consent to the adoption of Sammy.

The Ponces' first petition to adopt was heard on February 10, 1951, with Judge Benjamin Blake of Graham County presiding. At the conclusion of this hearing the court entered the following order:

"It is ordered by the Court that said adoption is denied; and further ordered that temporary custody for Sammy Ayala Ponce be turned over to the Greenlee County Board of Welfare and it is recommended that said child remain with the Petitioners, Mr. and Mrs. Ponce until further order of the Court."

Thereafter on April 20, 1953, the natural mother filed a second petition for a writ of habeas corpus (No. 3220-B), asserting that the court, in its adoption order quoted above, lacked jurisdiction to retain the child in Greenlee County. Judge Blake heard this matter on May 8, 1953, it being stipulated that it be submitted on the testimony taken at the previous adoption hearing, and at the conclusion thereof the following order was entered:

"The Court being advised in the premises hereby orders that the Writ of Habeas Corpus be granted and the child delivered to its natural mother, Guadelupe Mannelley Garcia, forthwith. Add (to above order) that the mother of said child not take the child out of the jurisdiction of this Court."

Immediately following the entry of the last-mentioned order the court permitted the Ponces to file a new petition to adopt Sammy and upon the same date this order was entered in that matter:

"The petition was filed in my presence, in open Court, and I feel justified in granting this order. The order will be signed granting possession of the child to the adopting parents until such time as the petition is heard. I want it understood, too, that this child is not to be taken out of the jurisdiction of this court. This order supersedes the order made in the Writ of Habeas Corpus."

Petitioner objected to this order, challenging the jurisdiction of the court to enter same. Thereafter she moved the court to dismiss the petition. Judge Blake having died in the meantime and the resident Judge of Greenlee County being disqualified by reason of having been of counsel in the case, this adoption matter was assigned to and heard by respondent Judge Jesse A. Udall, who had been appointed to succeed Judge Blake. The motion to dismiss was first denied on October 21, 1953; it was again urged and denied on August 30, 1954, and the matter was set for trial on its merits for January 5, 1955. Thereupon the petitioner sought and obtained from us an alternative writ of prohibition directing the respondent judge to desist from any further proceedings until we might determine whether the trial court was acting without or in excess of its jurisdiction in the premises.

■ It cannot be seriously contended the court does not have jurisdiction over the parties and the subject matter of the litigation. The Ponces' petition for adoption was filed in the county of their residence as required by Laws 1952, chapter 96, section 2, § 27–202, A.C.A.1952 Cum.Supp., and the child was present within its jurisdiction. Nor can the fact that the previous orders may be somewhat inconsistent be deemed to affect the court's jurisdiction to hear and determine the adoption petition.

Counsel for the Ponces, who represent respondent in the instant proceeding, and counsel for petitioner are as far apart as the poles in the inferences and conclusions they would have us draw from the orders herein quoted. Petitioner contends the trial court in the second habeas corpus proceeding necessarily determined that the best interests of the child would be served by granting custody to petitioner, and she asserts this issue "having been decided in favor of petitioner * * * is res judicata as between petitioner and Richard M. Ponce and Maria M. Ponce." In support of her plea of res judicata petitioner cites the following from 39 C.J.S., Habeas Corpus, § 45, p. 583:

"Except where it is otherwise provided by statute, it is generally held that the decision in a habeas corpus proceeding is res judicata as to the matters determined thereby, even though the subsequent action or proceeding is not a habeas corpus proceeding."

From this petitioner would have us reach the non-sequitur conclusion that the lower court was "without jurisdiction to proceed further in the adoption matter" and therefore a writ of prohibition should issue to stay further proceedings before that court. On the other hand counsel representing respondent maintains this issue of the best interests of the child was not resolved in the second habeas corpus hearing as the court's order in that matter rested solely on a question of law, citing in support thereof Ex parte Livingston, 108 Cal.App. 716, 292 P. 285.

We are not called upon to determine whether the issue of "best interests of the child" has been decided by the trial court because none of the authorities cited by counsel, or any we have been able to find by an independent search, support granting prohibition on the res judicata theory urged by petitioner. In 73 C.J.S., Prohibition, § 11, p. 44, it is stated: "A plea of res judicata does not oust a court of jurisdiction, within these rules." From the same volume this further statement appears under the heading of "Remedies available before inferior court or tribunal"—§ 15, p. 78: "Prohibition will not issue where a plea of res judicata affords an adequate remedy." The rule which we hold governs is well stated in 42 Am.Jur., Prohibition, section 31, 1954 Cum.Supp., p. 18:

"It has generally been held that the fact that to a second action involving the same issues, the defense of res judicata based on a decision in a former action is available, does not deprive the court in which the second action is brought of jurisdiction to try the case again, so as to warrant the issuance of a writ of prohibition to prevent such court from proceeding with the suit, and *the only remedy of the aggrieved party is to set up the res judicata plea as a defense* in that suit *and to appeal* from an adverse decision therein, and *not by prohibition.*" (Emphasis supplied.)

See: Baird v. Superior Court, 204 Cal. 408, 268 P. 640; Goodman Bros. v. Superior Court, of City and County of San Francisco, 51 Cal.App.2d 297, 124 P.2d 644; and Annotation "Prohibition to prevent multiplicity of proceedings", Sub. V thereof entitled "Prohibition where defense of res judicata is available against second suit", 159 A.L.R. 1293 and cases there cited. The Supreme Court of California in the Baird case, supra [204 Cal. 408, 268 P. 641], succinctly stated the reasons which give rise to this rule:

"Res judicata must be affirmatively relied upon and shown in evidence, and in some cases must be pleaded, *but in no case is the plea in and of itself sufficient to oust the court of jurisdiction.* In its strongest form it is nothing more than conclusive evidence upon all or some of the issues involved. When a former judgment is pleaded either in bar or as an estoppel on some issue, there immediately arise questions as to identity of the parties, the validity of the judgment as shown by the judgment roll, the legal effect to be given it, and perhaps many other questions. Such matters are for the determination of the trial court, and, whether correctly or incorrectly determined, it is nevertheless the exercise of jurisdiction over the subject-matter and the parties." (Emphasis supplied.)

The following statement appears in the Goodman Bros. case supra [51 Cal.App.2d 297, 124 P.2d 649]:

"It is true that the trial court may decide the issue incorrectly. If it does

so, its error is no different than when it refuses to recognize the binding force of other types of evidence. Such errors can only be corrected on appeal from the judgment. * * *"

We believe the foregoing statements are conclusive of the instant proceeding. Inasmuch as the respondent court manifestly was acting within its jurisdiction, the alternative writ of prohibition heretofore issued should be quashed and it is so ordered.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.