J. F. ABBOTT, plaintiff-appellee, v. ALBERT CHRISTOPHER, individually and as chairman of Board of Supervisors of Wright County, appellant, and ED. KENNEDY et al. (other members), defendants-appellees.

No. 50468.

312

December 12, 1961.

Guthrie & Blackburn, of Webster City, for appellant.

Blue & Blue, of Eagle Grove, for plaintiff-appellee.

Robert Maddocks, County Attorney, Wright County, for defendant Board of Supervisors, appellee.

PETERSON, J.—This case involves an election contest. Appellee and appellant, Christopher, were opposing candidates for the Board of Supervisors in Wright County in the November 1960 election. The election officials reported 1219 votes for appellant, Christopher, and 1216 votes for appellee. Appellee filed a contest in accordance with statute. Chapter 62, 1958 Iowa Code.

Christopher was the incumbent and was chairman of the Board of Supervisors. As such, under the statute, he was chairman of the contest court. The other two members of the contest court were such persons as selected by each party respectively. Section 62.1. Christopher refused to disqualify himself, and insisted on sitting as chairman of the contest court.

Candidate Abbott filed petition for writ of prohibition, to prohibit Christopher from sitting on the contest court, and for writ of mandamus to require the members of the Board of Supervisors to elect a temporary chairman, other than Christopher, to act as chairman at the contest hearing.

Motion to dismiss plaintiff's petition was overruled by the District Court. The Board of Supervisors did not appeal. Albert Christopher appealed. The members of the Board of Supervisors were necessary parties to make the writ of mandamus effective. Appellant appealed however as to writ of mandamus, so it needs our attention.

Appellant assigns three propositions relied upon for revers-

al. 1. The District Court is not authorized to issue a writ of prohibition. 2. The remedy provided by appeal de novo is adequate. 3. The writ of mandamus will issue only to require the performance of a mandatory duty, and cannot be used as a substitute for legislative action.

I. Appellant contends the District Court has no authority to issue a writ of prohibition. Section 604.1, 1958 Iowa Code, outlines the general powers of the District Court:

"The district court shall have general, original, and exclusive jurisdiction of all actions, proceedings, and remedies, both civil and criminal, except in cases where exclusive or concurrent jurisdiction is or may hereafter be conferred upon some other court or tribunal by the constitution and laws of the state, and shall have and exercise all the powers usually possessed and exercised by courts of record."

■ The following is an acceptable definition of writ of prohibition: "As its name imports, the writ is one which commands the person or tribunal to whom it is directed not to do something which, by the suggestion of the relator, the court is informed he is about to do. The writ is commonly defined, substantially, as one to prevent a tribunal possessing judicial or quasi-judicial powers from exercising jurisdiction over matters not within its cognizance, or exceeding its jurisdiction in matters of which it has cognizance." 42 Am. Jur., Prohibition, section 2.

■ In Iowa the petition and writ constitute a common-law procedure. It has been referred to and recognized in several Iowa cases, although the specific question raised by appellant as to authority of the District Court has not been heretofore directly decided by this court.

There is no question about appellee's basis for his petition for prohibition and mandamus. Primarily it is based on a specific statutory provision. Section 605.17, 1958 Iowa Code, provides: "A judge or justice is disqualified from acting as such, except by mutual consent of parties, in any case wherein he is a party or interested * * * ."

30A Am. Jur., Judges, section 189, provides: "In some states, the mere filing of an affidavit of prejudice is sufficient to

disqualify a judge, while in others provision is made for a hearing where it is sought to disqualify him on the ground of prejudice or on other grounds. * * * While injunction may be invoked under some circumstances to prevent a disqualified judge from acting, it has been held not to be a proper remedy where prohibition is available."

42 Am. Jur., Prohibition, section 27, states: "It is a well-recognized rule that other remedies being legally inadequate prohibition will lie to restrain a judge from proceeding in a cause which is technically within the jurisdiction of his court but as to which he is disqualified to act by reason of interest, bias, or prejudice."

The question was exhaustively considered in the North Dakota case of State ex rel. Lucia v. Monson, 55 N.D. 892, 896, 215 N.W. 680, 681. The petition for prohibition was filed as against a county judge who was charged with "willfully and unlawfully having in his possession intoxicating liquors." An affidavit of prejudice was filed against the judge, but he refused to disqualify himself. An original petition for writ of prohibition was filed in the Supreme Court. The court said:

"In such case 'an appeal would not be a speedy and adequate remedy.' North Bloomfield Gravel Mining Co. v. Keyser, 58 Cal. 315. 'The writ of prohibition lies to restrain a judge from proceeding in a cause in which he is disqualified * * * although the court over which he presides has jurisdiction of the cause.' Forest Coal Co. v. Doolittle, 54 W.Va. 210, 46 S.E. 238. The filing of an affidavit of prejudice in the manner and form prescribed by §8955 divested the judge of all further jurisdiction except to procure another judge or to certify the case to the district court."

The case of Stahl v. Board of Supervisors, 187 Iowa 1342, 1343, 175 N.W. 772, 11 A. L. R. 185, involves the disqualification of a member of the board with reference to the establishment of a drainage district in which district he had substantial property interests. This court held he was disqualified and used the following language: "For the moment, omitting reference to exceptions to the rule, had Mr. Vorhies acted as the judge of a court, in doing any act which would substantially promote

his pecuniary interest, he would have been disqualified. It would be sheer affectation to make an extensive citation of authorities for the proposition that one may not be 'judge in his own cause.' "

The question of a writ of prohibition was considered in the case of State ex rel. O'Connor, Attorney General, v. District Court in and for Shelby County, 219 Iowa 1165, 1169, 1171, 260 N.W. 73, 75, 99 A. L. R. 967. This was necessarily an original petition filed in this court because it involved a District Court. The writ was denied on the facts of that particular case, but statements appear in the decision which are pertinent herein. The court made the following general statement: "The power to issue a writ of prohibition can only be exercised by a superior court over an inferior court; it cannot be exercised by a court against another court of equal rank. * * *."

The court further states: "It is conceded that neither the Constitution nor the statutes of this state expressly confer upon the Supreme Court the power to issue the writ of prohibition. * * *. If, then, the legislature cannot, by direct action, deprive the courts of their inherent power to issue common-law writs necessary to the exercise of their jurisdiction, it surely will not be held that legislative inaction amounts to a denial of this power. It must be assumed then, that our *courts* have the right to issue writs of prohibition. [Emphasis ours.] * * * 'If one seeks to restrain the action of a court because it proposes to act in excess of its jurisdiction, or because of an entire want of jurisdiction, he must do so by writ of prohibition and not by writ of certiorari.' "

It will be noted that in the above quotation this court in connection with a writ of prohibition uses the plural word "courts."

In the case of Harris Estate v. West Grove Savings Bank, 207 Iowa 41, 53, 217 N.W. 477, 483, some significant language with reference to disqualification appears, as follows: "Litigants have the right to the judgment of a court who is above reasonable ground of suspicion of being actuated by self-interest or subject to hostile influence. Public policy imperatively demands that no judge shall act under circumstances which will create

distrust or cast doubt upon his impartiality, or raise an inference of the presence of sinister influence. It is a general rule that no one, however exalted his character and personal integrity, shall be permitted to act for another in any case where his private interest may conflict with his duty, except where consent is freely given, on full information. It is the policy of the law, out of consideration for the frailties of human nature, to avert corruption by removing temptation."

An exhaustive discussion of writ of prohibition appears in the recent case of Conkling v. DeLany, 167 Neb. 4, 13, 91 N.W.2d 250, 256. The inferior court involved was a justice of the peace who had been trying some cases without jurisdiction. Quoting from other cases the Nebraska court said: "The authorities almost uniformly hold that when a judge of an inferior court is recused (incompetent to act) before judgment in a case in which he has an interest, such as disqualifies him, and a prohibition is applied for to restrain him from further sitting in the cause, it will be granted, if, upon the application therefor, it appears that he is disqualified. 'Prohibition is the proper remedy to prevent action by a judge who is disqualified by interest, or otherwise.' "

■ The contest court is an inferior tribunal, whose members, on proper evidence, are subject to writ of prohibition. According to the wording of the statute it is judicial in nature. The statute states: "The chairman of the board of supervisors shall be the presiding officer * * *" and: "The contestant and incumbent shall each file * * * a written nomination of one associate judge." Sections 62.1 and 62.2, 1958 Code of Iowa.

■ We hold the District Court has authority to issue writ of prohibition as to a member of a contest court.

■ II. Appellant contends the remedy provided by appeal de novo is adequate. Under the circumstances involved in the instant case the appeal route will not provide appellee with the proper remedy. The first step to be taken is contrary to law as we have outlined in Division I. Appellee should not be submitted to the frustration and indignity of being involved in a trial where the chairman of the contest court occupies the dual and anomalous position of such chairman, and as appellee's

opponent. If the first step in the appeal procedure is unlawful there is no foundation for taking the further steps of appeal to the District Court and to this court.

Again in the case of Conkling v. DeLany, supra, the Nebraska court quoted from State ex rel. Burford v. Sullivan, 86 Okla. Cr. 364, 193 P.2d 594: "Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient."

A general statement pertaining to the subject is stated in 73 C. J. S., Prohibition, section 15, page 74: "Thus, if the proceedings complained of are clearly beyond the jurisdiction of the inferior court or tribunal, and must ultimately be held to have been mistaken, prohibition should issue *before the party aggrieved is put to the difficulties which would be raised, and the court to the inconvenience that would ensue, by permitting such proceedings to continue.* So likewise, even though another adequate remedy is available to the party aggrieved, prohibition may nevertheless be granted where it is deemed to be in the public interest to put at rest the question of jurisdiction presented by the application, at the earliest possible moment." (Emphasis ours.)

III. Appellant contends the writ of mandamus approved by the trial court is such that it creates a substitute for legislative action.

The statutory definition of mandamus is: "661.1 The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station."

In order to provide complete relief for appellee it is necessary not only that the writ of prohibition issue, but also that a writ of mandamus issue. The writ of prohibition will only deprive appellant, Christopher, from the right of acting as chairman of the contest court, and from fixing a time for hearing on the contest. That is not sufficient. Such action alone

could leave the matter of the contest in abeyance indefinitely. It is necessary that the board proceed to finish the contest matter. In order to do so, it becomes necessary that writ of mandamus issue ordering the board to take action. The board did not appeal. It was and is a necessary party, in order that the contest be completed.

This is not indulging in a legislative procedure. It is commanding an inferior tribunal to perform its duty. When the chairman refuses to heed the writ of prohibition, and recuse himself, a duty rests upon the remainder of the board to elect a temporary chairman to proceed with the contest hearing, all in accordance with the provisions of chapter 62 of the Code.

When the regular chairman is prohibited from acting, his position legally is the same as if he were absent. Section 332.3, paragraph 1. Being absent, it is the duty of the remaining members of the board, to elect from their number a temporary chairman to proceed with the business of the Board of Supervisors of maintaining the contest. The subject is well stated in 35 Am. Jur., Mandamus, section 263: "Where, by constitutional or statutory enactment, certain duties of a public character are imposed on a court or judicial officer, it seems that mandamus may issue to compel the performance thereof."

IV. According to the record the court had only issued a temporary writ of prohibition, and the ruling of the court consists of overruling the motion to set aside the temporary writ, and also in overruling the motion to dismiss the petition as to writ of prohibition and writ of mandamus.

The trial court should now issue a permanent writ of prohibition as to appellant and a writ of mandamus, as to the Board of Supervisors, all in accordance with this decision. Appellant, Christopher, should then proceed to select his member of the contest court, in accordance with section 62.2. If he fails to do so, the temporary chairman of the contest court shall appoint such a member for him. Section 62.2. Appellee has already selected Mr. Fred Cotton as his nominee as a member of the contest court.

The chairman of the contest court shall promptly fix a date for hearing as to the contest, not less than 20 days nor more

320

than 30 days after the filing of such order, and give notice to the two parties as to such date of hearing. Section 62.9.

The action of the trial court is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.